IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TCYK, LLC, | ) |
| | ) |
| | ) Case No.: 13-CV-3127 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 1-121, | ) |
| | ) |
| Defendants. | ) |

**<u>Motion And Brief To Strike Unknown Doe's Motion To Quash Or Modify Subpoena</u>**

Plaintiff respectfully moves that this Court strike the Motion to Quash or Modify Subpoena [#10] that was filed by an anonymous party as "John Doe pro se" prior to requiring Plaintiff to file a responsive pleading on August 5, 2013. As set forth herein, this filing should be stricken in its entirety pursuant to Fed. R. Civ. P. 12(f) as immaterial since a party did not sign the pleading pursuant to Fed. R. Civ. P. 11. Thus, on a very basic level, without some form of identification, there is no way to verify the filer is even a party in this action. This concern is not unfounded given the presence of the anonymous declaration executed by someone that calls themselves AKA DieTrollDie in the pleading. [#10; Exhibit B].

Rule 12(f) dictates that the Court may strike a pleading that is immaterial. Fed. R. Civ. P. 12(f). In addition, "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. . . ." Fed. R. Civ. P. 11.

Here, the pleading is immaterial since the pleading was only signed as John Doe Pro se. This signature is clearly inadequate and fails to comply with the requirements of Rule 11.

Certainly, John Doe pro se could have included the identifying IP address or even the Doe Number, but chose not to do so. Without some form of identification, Plaintiff and this Court have no way to be sure that this motion was even filed by a party to this action. This especially true here since John Doe pro se appears to be arguing on behalf of all defendants. Also, John Doe pro se's extensive citations to the Federal Rules of Civil Procedure and case law demonstrate a remarkable familiarity with the legal system nearly akin to that of an attorney. This suggests that the failure to include identifying information was not an oversight. Intent aside, holding John Doe pro se to the same standards and requirements imposed by Rule 11 as all litigants before this Court would not create an appearance of treating a pro se litigant unfairly.

Moreover, requiring John Doe pro se to provide identifying information allows Plaintiff to prepare a response to the motion. Without any identifying information, Plaintiff's ability to formulate a response to John Doe pro se's arguments is hamstrung; perhaps this was John Doe pro se's intent all along.

Thus, for the reasons set forth above, Plaintiff respectfully moves that this Court strike the motion in its entirety pursuant to Fed. R. Civ. P. 12(f) as immaterial.

DATED: July 24, 2013        Respectfully submitted,

    TCYK, LLC

    By:   s/ Keith A. Vogt
          Keith A. Vogt (Bar No. 6207971)
          Takiguchi & Vogt
          1415 West 22nd Street, Tower Floor
          Oak Brook, IL 60523
          773.340.9469
          KVogt@takiguchiandvogt.com
          Attorney for Plaintiff