


Clay Gordon
1002 North East St. Apt 3
Bloomington, IL 61701

DISTRICT COURT OF THE CENTRAL DISTRICT OF ILLINOIS

TCYK, LLC,

    Plaintiff,

vs.

Does 1-121,

    Defendant(s)

Case No.: 13-cv-3127

MOTION TO DISMISS

Pursuant to order 12-b.6 of The Federal Rules of Civil Procedure, Defendant hereby moves the Court to dismiss Plaintiff's Complaint with prejudice. The bases for this Motion are set forth in the accompanying Memorandum.

Dated this 30th day of October, 2013

Clay Gordon
1002 North East St. Apt 3
Bloomington, IL 61701

Motion to Dismiss - 1

DISTRICT COURT OF THE CENTRAL DISTRICT OF ILLINOIS

TCYK, LLC,

        Plaintiff,

vs.

Does 1-121,

        Defendant(s)

Case No.: 13-cv-3127

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**FACTS**

    Plaintiff TCYK, LLC Alleges that Doe No. 105, thru an intricate internet protocol bittorrent program, downloaded and distributed a copyrighted motion picture, "The Company You Keep." The alleged infringement is dated April 25th of 2013. The allegations that the IP address was used for copyright infringement by the defendant is insufficient enough to allege said claims upon the defendant. An IP Address is not sufficient enough evidence or grounds to claim copyright infringement.

    With the existence of Wireless Home Networks that can be used by multiple people at one time such as family, friends, visitors and, if insufficiently secured, even neighbors and passersby it is impossible to postulate that the person who registers an IP address that has been used for the infringing activity is actually the one guilty of infringement. AF Holdings LLC v. Rogers, No. 12cv1519 BTM(BLM), 2013 U.S. Dist. LEXIS 11929, at *5-6 (S.D. Cal. Jan. 29, 2013) (court granted the defendant's motion to dismiss due to the risk of "false positives," "an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement.")

    It should be noted that I live on the campus of Illinois Wesylan University in an apartment adjacent to the Ames Library of Wesylan and next to several Fraternities and Sororities so it could have been anyone using my IP. Since I have received notice of the infringing act on my IP address I have started to practice safe security measures on my equipment where I had previously been vulnerable at the time of the infringing act.

    The ability of production companies to mortgage out the rights to a movie and then "monitor" the distribution and downloads or their own movie in order to send out a mass of arbitrary subpoenas and threatening letters in order

to pan handle around the state of Illinois poses a significant burden onto our judicial system, as well as praying on innocent citizens of the state and the country

Malibu Media, LLC v. Does, No. 12-2078, 2013 WL 3038025, at *26 (E.D. Pa. June 18, 2013) Judge Baylson stated:

"The infringement cases brought by Malibu and other similarly situated companies have attracted a great deal of attention, not only of federal district judges but also of bloggers who assert that "copyright trolls" are using unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users."

*In re* BitTorrent Adult Film Copyright Infringement Cases, No. 11- 3995(DRH)(GRB), 2012 WL 1570765, at *4 (E.D.N.Y. May 1, 2012) (emphasizing the "risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading.")

Malibu Media, LLC v. Does, No. 12-2078, 2013 WL 3038025, at *2 (E.D. Pa. June 18, 2013) (noting that a "copyright troll" has traditionally been defined in the media and legal publications as "a non-producer who merely has acquired the right to bring lawsuits against alleged infringers.").

While filing these "claims" in mass and grouped up in "Does" they are playing the system in order to cut their own cost and increase their bottom lines, which keeps money from the courts and ties the court up in many cases that have to be processed.

Malibu Media, LLC v. Doe, No. 8:12-cv-1667-T-27MAP, 2012 U.S. Dist. LEXIS 183969, at *1, 21 (M.D. Fla. Dec. 6, 2012) (severing defendants and dismissing claims against Does 1 and 4–28 reasoning that "by filing multi-defendant complaints, Malibu's lawsuits have deprived the court of hundreds of thousands of dollars in much needed revenue while burdening the docket with cases that are difficult to manage.")

### ARGUMENT

**I.   Plaintiff's Complaint Fails To State a Claim Upon which Relief May Be Granted**

Plaintiff's claim must be dismissed because their legal claims are without merit. The plaintiff failed to establish a link, if any, between the alleged IP address and the defendant. The Plaintiff failed to establish facts that the defendant was using that particular IP Address at that particular time. The plaintiff failed to establish the identity of the true defendant and or their subsequent whereabouts past a county or state province.

### CONCLUSION

For the reason stated above, Defendant's Motion to Dismiss should be granted.

Dated this 30Th day of October, 2013

*(signature)*
Clay Gordon
1002 North East St. Apt 3
Bloomington, IL 61701

Motion to Dismiss - 4