IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINIOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TCYK, LLC, | ) |
| | ) |
| | ) Case No.: 13-cv-3127 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOES 1- 121 | ) |
| | ) |
| Defendants. | ) |

**TCYK'S MEMORANDUM IN OPPOSITION
TO GORDON'S MOTION TO DISMISS**

**I.   INTRODUCTION**

Defendant, Clay Gordon, claims that the Complaint should be dismissed because identification of an "IP Address is not sufficent enough evidence or grounds to claim copyright infringement." (ECF No. 38 at p. 2) Yet, the Complaint goes beyond simply identifying an IP Address. It alleges much more. It alleges facts with sufficient particularity about Clay Gordon's participation in a BitTorrent swarm that resulted in the illegal downloading of Paintiff's copyrighted movie. In addtion to providing the IP address associated with the illegal downloading, the Complaint provides: 1) the date and time of the infringement, 04/14/2013 08:12:26 PM (UTC); 2) The file hash identifier of the downloaded file, SHA1: A87AD6F4AF7E2DC63B4A8C37AFCC2B5FEDE1BFB0, and 3) the BitTorrent software used by Gordon to obtain the illegal download, μTorrent 3.3.0. This detail concerning Gordon's infringing activity is more than enough to plead a claim of copyright infringement.

## II. LEGAL STANDARDS

On a motion to dismiss, a plaintiff's factual allegations are assumed to be true and all reasonable inferences from those allegations are drawn in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, the complaint need only plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

To state a claim for copyright infringement, a plaintiff must prove two elements. It has ownership of a valid copyright in a work and copying of the original elements of the protected work. *Hard Drive Productions, Inc. v. Does 1-55*, No. 11-cv-2798, 2011 U.S. Dist. LEXIS 118049, *7 (N.D. Ill. October 12, 2011)(citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). What is not required at the pleading stage is proof of actual infringement. *Malibu Media, LLC v. Michael Harris, et al.,* No. 12-cv-1117, 2013 U.S. Dist. LEXIS 100350, *7 (S.D. Ind. July 18, 2013).

## III. ARGUMENT

Gordon's request for dismissal is based on an argument that the Complaint fails to establish "a link, if any, between the alleged IP Address and the defendant" and that the "defendant was using that particular IP Address at that particular time." (ECF No. 38 at p. 4)  In other words, a defense premised on the argument that it was not me but some other unknown person that did the illegal downloading.

Yet, an argument on the merits is not proper in the context of a motion to dismiss. It simply "demands too much too soon" since "proof is not required to properly plead a claim for copyright infringement." *Id*.

As to what is enough to plead a claim of copyright infringement based on participation in a BitTorrent swarm, the *Malibu Media* and *Hard Drive Productions* opinions are instructive. For example, Judge Darrah stated:

> Defendant's argument that Hard Drive has failed to plead infringement is equally unpersuasive. Hard Drive has alleged that Defendant reproduced the Video via BitTorrent to numerous third parties. (Compl. ∂ 23.) Additionally, Hard Drive has alleged that Defendant actively engaged in or directly caused the copying by completing each of the steps in the BitTorrent file-sharing protocol, including intentionally downloading a torrent file particular to the Video, loading that torrent file into the BitTorrent client, entering a BitTorrent swarm particular to the Video, and, ultimately, downloading a whole copy of the file. (*Id.* ∂∂ 22-24.) Hard Drive has therefore pled a *prima facie* case of copyright infringement and set forth sufficient supporting facts to survive Defendant's Motion to Dismiss.

*Hard Drive Productions, Inc.,* 2011 U.S. Dist. LEXIS 118049, at *11.

Judge Lawrence similarly held:

> Malibu Media's complaint sufficiently alleges that each of the Defendants, including Harrison, copied essential elements of the original Work. In this regard, the complaint states that each of the Defendants downloaded and distributed the Work using the BitTorrent protocol without Malibu Media's consent. The complaint describes in detail the manner in which the Defendants performed these actions through the BitTorrent protocol.

*Malibu Media, LLC*, 2013 U.S. Dist. LEXIS 100350, at *7.

Here, as set forth above, the Complaint pleads a cause of action against Gordon for copyright infringement. It establishes that Plaintiff owns a valid copyright in the work. (Complaint at ¶ 12). It sets forth in detail the steps necessary to participate in a BitTorrent swarm. (Complaint at ¶¶ 3 and 4) Lastly, the Complaint through Exhibit B also identifies the date and time of infringement, the BitTorrent software used, and the hash identifier of the file

downloaded. This supporting evidence is more than sufficient to survive Gordon's Motion to Dismiss.

As to Gordon's reliance on *AF Holdings LLC v. Rogers*, No. 12-cv-1519, 2013 U.S. Dist. LEXIS 11929 (S.D. Cal. January 29, 2013), it is misplaced. There, the thrust of the opinion was a concern with the unique circumstances involving the pornographic nature of the copyrighted material. Specifically, the court was concerned that simply providing a lone IP Address was not enough given that the plaintiff was well-known for coercing unjust settlements by threatening to link a defendant's name with a film having a suggestive title. *Id*. at *6-*7.

Here, more than an IP Address has been provided. Moreover, Gordon fails to support his claims of abusive litigation tactics with a single shred of supporting evidence. No threatening letters have been sent to Gordon and no threatening phone calls have been made. The reason for this complete lack of evidence is simple: the protected work is a mainstream movie and that Plaintiff and its counsel have always acted professionally.

**IV.    CONCLUSION**

Thus, for the reasons set forth above, Plaintiff requests that the Motion to Dismiss be denied.

DATED:  November 21, 2013            Respectfully submitted,

                                        TCYK, LLC
                                        By:    s/ Keith A. Vogt
                                                Keith A. Vogt (Bar No. 6207971)
                                                Takiguchi & Vogt
                                                1415 W. 22nd Street, Tower Floor
                                                Oak Brook, Illinois 60523
                                                (773) 340-9469
                                                Attorney for Plaintiff