IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TCYK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-3127 |
| | ) | |
| DOES 1-121, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is Defendant Clay Gordon's Motion to Dismiss pursuant to Rule 12(b)(6).

## I.

This is an action wherein the Plaintiff seeks damages and injunctive relief for copyright infringement under the Copyright Law of the United States, 17 U.S.C. § 101 et seq. The Plaintiff alleges it is a developer and producer of motion pictures. The action involves the alleged unauthorized acquisition and transfer of the copyrighted motion picture, "The Company You Keep" ("The Movie"), by the Defendants. The Movie was directed by

Robert Redford and stars Redford, Susan Sarandon, Shia LaBeouf, Anna Kendrick, Julie Christie and Nick Nolte. The Complaint alleges that the Movie has been produced and created at considerable expense. The Plaintiff alleges it owns the copyright and/or the pertinent exclusive rights in the Movie which it claims has been unlawfully distributed over the Internet by the Defendants.

At the time of the Complaint, the true names of the Defendants were unknown to the Plaintiff. Only the Internet Protocol address assigned to the Defendants by his or her Internet Service Provider and the date and time at which the infringing activity of each Defendant was observed was then known. Clay Gordon was listed as Doe No. 105. The summons was returned executed by Clay Gordon and Gordon filed this Motion to Dismiss.

The Complaint alleges jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 & 1338(a) (copyright). The Plaintiff claims that venue is appropriate under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). The Plaintiff further asserts that, based on information and belief,

the first named Defendant resides in Sangamon County and the other Defendants reside elsewhere in the Central District of Illinois. Accordingly, venue is proper in the Springfield Division of the District.

According to the Complaint, the manner of the alleged transfer and copying of the Movie is accomplished by using a network called "BitTorrent protocol" or "torrent," which is different than the standard Peer-to Peer protocol. Using this method, most computers are capable of participating in large data transfers for copying large files such as movies. As more peers request the same file, each additional user knowingly becomes a part of the network from which the file can be downloaded. Each peer user who has a copy of the infringing copyrighted material on a torrent network intentionally also becomes a source of download for that infringing file. This manner of distribution can lead to a rapid viral spreading of a file throughout peer users. The Plaintiff alleges that, because of the manner of the "swarm downloads," every infringer is stealing copyrighted material from a number of different Internet Service Providers (ISPs) in numerous jurisdictions.

Based on information and belief, the Plaintiff alleges that Defendants such as Gordon deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of the Plaintiff's copyrighted Movie in digital form with other Defendants.

II.

At this stage, the Court accepts as true all of the facts alleged in the Complaint and draws all reasonable inferences therefrom.  See Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).  "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis."  Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted).  Courts must consider whether the complaint states a "plausible" claim for relief.  See id.  The complaint must do more than assert a right to relief that is "speculative."  See id.  However, the claim need not be probable: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  See Independent Trust

Corp. v. Stewart Information Services Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id.

To state a claim for copyright infringement, a plaintiff generally must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Schrock v. Learning Curve Intern., Inc., 586 F.3d 513, 517 (7th Cir. 2009) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).

Defendant Clay Gordon alleges that allegations that a particular Internet Protocol ("IP") address is associated with the Defendant is insufficient to allege copyright infringement. Gordon claims that because wireless home networks can be used by multiple people at one time such as family, friends, visitors and, if insufficiently secured, even neighbors and passers by, Gordon claims it is impossible to determine that the person who registers an IP address that has been used for the infringing activity is

actually the one guilty of infringement.

Gordon further states that he lives on the campus of Illinois Wesleyan University in an apartment adjacent to the library and near several fraternities and sororities. Accordingly, someone else could have been using Gordon's IP address. Gordon alleges the Plaintiff has not established a link, if any, between the IP address and the Defendant. Additionally, the Plaintiff has not established that Gordon was using the particular IP address at that particular time.

In response, the Plaintiff alleges that in addition to providing the IP address associated with the illegal downloading, the Complaint provides: (1) the date and time of the infringement; (2) the file hash identifier of the downloaded file; and (3) the BitTorrent software used to obtain the illegal download. The Plaintiff contends this is sufficient detail of the alleged infringing activity to plead a claim of copyright infringement.

Upon reviewing the Complaint, the Court concludes that Plaintiff has sufficiently alleged the elements of copyright infringement. At this stage of the litigation, the Plaintiff need not conclusively establish that Defendant

Gordon was using the IP address. The Complaint states a plausible claim for relief against the Defendant, which is all that is required at this stage.

Ergo, the Motion of Defendant Clay Gordon to Dismiss the Complaint [d/e 38] is DENIED.

This case is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of holding a scheduling conference.

ENTER: September 29, 2014

        FOR THE COURT:

        s/Richard Mills
        Richard Mills
        United States District Judge